Nazareth M. Haysbert. State Bar No. 294431
James L. Moultrie III. State Bar No. 296805
**Haysbert | Moultrie LLP**
4640 Admiralty Way, Suite 500
Marina Del Rey, California 90292
Telephone:    (310) 496-5796
Facsimile:    (310) 760-4083

*Attorneys for Plaintiffs*

**FILED**
Superior Court of California
County of Los Angeles
**11/17/2020**
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ S. Grazyk _____ Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

D.C., by and through his legal guardian, Winfred Robert White Carr; H.C., by and through his legal guardian, Tyrone Lionel Stafford; TYRONE LIONEL STAFFORD as the Special Administrator With Limited Powers for the ESTATE OF MARCO CARR and ESTATE OF E.C.; and WINFRED ROBERT WHITE CARR as the Special Administrator With Limited Powers for the ESTATE OF REBECCA NOWLIN and ESTATE OF JOHN DOE 1,

PLAINTIFFS,

vs.

MOLOMBO THILLOT, an individual; ALEX FARNSWORTH, an individual; MARTIN JANSS, an individual; COMBINED TRANSPORT LOGISTICS GROUP, INC., a Corporation; COMBINED TRANSPORT, INC., a Corporation; BLACKWELL CONSOLIDATION, LLC, a Limited Liability Company; NEW PRIME, INC., a Corporation; A.C. by and through his legal guardian TATE NOWLIN; E.S. by and through her legal guardian SHANEY GUTIERREZ; and DOES 2-10,

DEFENDANTS.

CASE NO. 19STCV17185

Honorable Judge Daniel M. Crowley, Department 28

**FIRST AMENDED COMPLAINT FOR DAMAGES:**

1. Negligence/Negligent Infliction of Emotional Distress;
2. Wrongful Death;
3. Survival;

**DEMAND FOR JURY TRIAL**

Electronically Received 11/17/2020 12:26 PM

1

Exhibit 1-1

1 D.C., by and through his legal guardian, Winfred Robert White Carr, H.C., by and through his

2 legal guardian, Tyrone Lionel Stafford, TYRONE LIONEL STAFFORD ("Mr. Stafford"), as the

3 Special Administrator With Limited Powers for the ESTATE of MARCO CARR and ESTATE of E.C.,

4 and WINFRED ROBERT WHITE CARR ("Mr. White Carr"), as the Special Administrator With

5 Limited Powers for the ESTATE of REBECCA NOWLIN and the ESTATE of JOHN DOE 1, by and

6 through their undersigned counsel, hereby demand a trial by jury and allege the following against

7 Defendants, MOLOMBO THILLOT ("Mr. Thillot"), ALEX FARNSWORTH ("Mr. Farnsworth"),

8 MARTIN JANSS ("Mr. Janss"), COMBINED TRANSPORT LOGISTICS GROUP, INC. ("CT

9 Logistics Group"), COMBINED TRANSPORT, INC. ("Combined Transport"), BLACKWELL

10 CONSOLIDATION, LLC ("Blackwell"), NEW PRIME, INC. ("Prime"), A.C., by and through his

11 legal guardian, TATE NOWLIN, E.S., by and through her legal guardian, SHANEY GUTIERREZ,

12 and DOES 2-10, (collectively "Defendants"), on information and belief except for information

13 identified as being based on personal knowledge, which allegations are likely to have evidentiary

14 support after a reasonable opportunity for further discovery.

15 **I.**

16 **INTRODUCTION**

17 This case arises from a deadly vehicle crash that occurred on March 6, 2019, in Uinta County,

18 Wyoming, on Interstate 80, mile marker 15, at approximately 11:15 p.m. Marco Carr, deceased, and

19 his then-pregnant girlfriend, Rebecca Nowlin, deceased, were driving eastbound on I-80 through

20 Wyoming with their five children in their Chevrolet Venture, and a semi-truck driven by Alex

21 Farnsworth and owned and operated by New Prime, Inc., was traveling nearby in the same direction.

22 Because road conditions were slick due to ice, the two vehicles made contact, and Carr's vehicle spun

23 to a halt in the roadway while the semi was able to pull off to the side of the road. Another truck driven

24 by Molombo Thillot and owned and operated by Blackwell Consolidation, LLC, was traveling in the

25 same direction at an unreasonable speed for the icy conditions and sometime later collided with the

26 Chevrolet Venture, ejecting all passengers and ultimately killing Carr, Nowlin, and minor child E.C.

27 Upon information and belief, at the time of her death Nowlin was nine months pregnant, and hospital

28 staff delivered the unborn child alive, but efforts to save the infant were unsuccessful.

2

FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit 1-2

1    This action seeks compensation for the pain and suffering Plaintiffs have endured as a direct
2    and proximate cause of the Defendants' negligent operation of semi-trucks pursuant to the laws of
3    California and Wyoming.
4                                              **II.**
5                                **JURISDICTION AND VENUE**
6         1.      This Court has general jurisdiction to hear cases relating to personal injuries with more
7    than $25,000 in dispute.
8         2.      This is an action for personal injury damages in excess of $25,000, exclusive of interest,
9    costs, and attorney's fees.
10        3.      This Court has personal jurisdiction over Blackwell Consolidation, LLC, Combined
11   Transport Logistics Group, Inc., Combined Transport, Inc., and New Prime, Inc., because they each
12   conduct substantial business in the state of California and have registered agents for service in the state.
13        4.      Upon information and belief, this court has personal jurisdiction over Molombo Thillot,
14   Alex Farnsworth, and Martin Janss as they have purposefully availed themselves of the laws and
15   benefits of the state of California by transporting goods through the state as part of their employment.
16        5.      Venue is proper in the Los Angeles County Superior Court of California pursuant to
17   Cal. Code of Civ. Proc. § 395(a) because Plaintiffs reside in California, this is an action for injury to
18   persons or personal property or for death from wrongful acts or negligence, and/or none of the
19   Defendants reside in the state. Venue is also proper pursuant to Cal. Code of Civ. Proc. § 395.5 because
20   Defendants New Prime, Inc., Blackwell Consolidation LLC, Combined Transport Logistics Group,
21   Inc., and Combined Transport, Inc., upon information and belief: (1) are registered to conduct business
22   and have registered agents for service in this state; (2) have sufficient minimum contacts and
23   purposefully avail themselves of the markets within California and the County of Los Angeles by
24   providing goods and services to persons and entities in this state on a daily basis; (3) enter into contracts
25   and business dealings in the state of California and with California citizens and businesses; (4) regularly
26   engage in the activity of transporting goods and packages in interstate commerce over California roads
27   to and for California residents and businesses; (5) qualify, train, and retain professional tractor trailer
28   drivers based in California, and that New Prime, Inc., Blackwell Consolidation, LLC, Combined

3

FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit 1-3

Transport Logistics Group, Inc., and Combined Transport, Inc. knew would be used to operate commercial motor vehicles in California in the ordinary course of its business; and (6) provide services to its customers using commercial transportation services in California.

### III.

### PARTIES

6.     Winfred Robert White Carr ("Mr. White Carr") is, and was at all times herein mentioned, a citizen of the United States, ███████████████████ state of California. Pursuant to Orders of the Superior Court of California for Los Angeles County, Mr. White Carr is the duly appointed Wrongful Death Representative of the Estate of Rebecca Nowlin (Case No. 19STPB04402) and the Estate of John Doe 1 (Case No. 19STPB04719). Mr. White Carr is the duly appointed guardian of minor child, D.C., who was domiciled, along with his parents, Marco Carr and Rebecca Nowlin, ███████████████ state of California, at the time of the incident on March 6, 2019.

7.     Tyrone Lionel Stafford ("Mr. Stafford") is, and was at all times herein mentioned, a citizen of the United States, ███████████████ state of California. Pursuant to Orders of the Superior Court of California for Los Angeles County, Mr. Stafford is the duly appointed Wrongful Death Representative of the Estate of Marco Carr (Case No. 19STPB04166) and the Estate of minor child, E.C. (Case No. 19STPB04170). Mr. Stafford is the duly appointed guardian of minor child, H.C.

8.     At all times herein mentioned, and upon information and belief, Defendant Molombo Thillot was a citizen of the United States, residing in the County of Clark, state of Nevada.

9.     At all times herein mentioned, and upon information and belief, Defendant Alex Farnsworth was a citizen of the United States, residing in the city of Springfield, state of Missouri.

10.     At all times herein mentioned, and upon information and belief, Defendant Martin Janss was a citizen of the United States, residing in the city of Neosho, state of Missouri.

11.     At all times herein mentioned, and upon information and belief, Defendant Blackwell Consolidation, LLC ("Blackwell"), is a foreign limited liability company duly organized and existing under and by virtue of the laws of the state of Oregon, engaging in interstate operations, with its principal place of business at ███████████████ Oregon 97502, and has a registered

4

Exhibit 1-4

1   agent for service of process, Michael S. Card, ████████████ Central Point, Oregon, 97502.

2   At all times herein mentioned and upon information and belief, Blackwell operated as a subsidiary and

3   or sister corporation of Combined Transport Logistics Group, Inc. ("CT Logistics Group") and/or

4   Combined Transport, Inc. ("Combined Transport"), and services 48 states and Canada.

5          12.    At all times herein mentioned and upon information and belief, Defendant CT Logistics

6   Group is a foreign corporation duly organized under and by virtue of the laws of the state of Oregon,

7   engaging in interstate operations, with their principal place of business at ████████████

8   Central Point, Oregon 97502. At all times herein mentioned, and upon information and belief,

9   Defendant CT Logistics Group has an agent for service of process and conducts business in the state

10  of California, for which they receive substantial revenue and has agents or other representatives for the

11  transaction of business in Los Angeles, California.

12         13.    At all times herein mentioned and upon information and belief, Defendant Combined

13  Transport is a foreign corporation duly organized under and by virtue of the laws of the state of Oregon,

14  engaging in interstate operations, with their principal place of business at ████████████

15  Central Point, Oregon 97502. At all times herein mentioned, and upon information and belief,

16  Defendant CT Logistics Group has an agent for service of process, namely Gregg S. Garfinkel, ████

17  ████████████ Woodland Hills, California 91367, and conducts business in the state of

18  California, for which they receive substantial revenue and has agents or other representatives for the

19  transaction of business in Los Angeles, California.

20         14.    At all times herein mentioned and upon information and belief, Defendant New Prime,

21  Inc. ("Prime"), is a foreign corporation duly organized and existing under and by virtue of the laws of

22  the state of Missouri, engaging in interstate operations, with its principal place of business at ████████

23  ████████ Springfield, Missouri 65803. Upon information and belief, Prime has an agent for

24  service of process, namely Incorp Services, Inc., ████████████ Westlake Village,

25  California 91362, and was conducting business in the state of California, for which it received

26  substantial revenue and had agents or other representatives for the transaction of business in Los

27  Angeles, California.

28  ///

FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit 1-5

15.     At all times herein mentioned, and upon information and belief, Defendant Tate Nowlin ("Mr. Nowlin") was a citizen of the United States, ███████████████ state of Missouri. Mr. Nowlin has refused to act in the best interest of minor, A.C., by refusing to include the child under his care as a Plaintiff in the instant lawsuit, despite adequate notice, and alienating the child from his surviving brothers currently residing in California.

16.     At all times herein mentioned, and upon information and belief, Defendant Shaney Gutierrez ("Ms. Gutierrez") was a citizen of the United States, ███████████████ state of Washington. Ms. Gutierrez has refused to act in the best interest of minor, E.S., by refusing to include the child under her care as a Plaintiff in the instant lawsuit, despite adequate notice, and alienating the child from her surviving brothers currently residing in California.

## IV.

### FACTS COMMON TO ALL CAUSES OF ACTION

17.     At all times herein mentioned, Blackwell, CT Logistics Group, Combined Transport, and Prime (collectively "Corporate Defendants") were interstate motor carriers authorized to transport goods in interstate commerce and in the state of California for profit pursuant to one or more permits issued by the Interstate Commerce Commission, or by the United States Department of Transportation ("USDOT"), or both.  Accordingly, Corporate Defendants are subject to all applicable state and federal laws, statutes, regulations, and industry standards governing the hiring of safe and qualified commercial drivers, the safe maintenance and operation of commercial motor vehicles, and the safe transport of goods in interstate commerce.

18.     Corporate Defendants regularly engaged in a commercial enterprise involving the use of motor carriers, commercial motor vehicles, and licensed commercial motor vehicle drivers as an integral part of their businesses.  As such, Corporate Defendants had a duty and obligation to the driving public to exercise reasonable care to hire, train, and supervise only safe, competent and conscientious commercial motor vehicles and professional truck drivers.

///

///

///

Exhibit 1-6

19.   At all relevant times herein mentioned and upon information and belief, Blackwell and/or CT Logistics Group and/or Combined Transport owned, leased, or otherwise exclusively controlled the semi-truck that was being driven by Mr. Thillot, a 2016 Freightliner CBE with vehicle identification number: 3AKJGLD56GSGU9589.

20.   Blackwell and/or CT Logistics Group and/or Combined Transport selected and hired Mr. Thillot to operate commercial vehicles in interstate commerce as approved by the USDOT, and, upon information and belief, to deliver goods to customers in California.

21.   At all relevant times herein mentioned, Prime owned, leased, or otherwise exclusively controlled the semi-truck that was being driven by Mr. Farnsworth, a 2019 Freightliner CBE with vehicle identification number: 3AKJHHDR8KSHU6816.

22.   Prime selected and hired Mr. Farnsworth and Mr. Janss to operate commercial vehicles in interstate commerce as approved by the USDOT, and, upon information and belief, to deliver goods to customers in California.

23.   At all times herein mentioned, Mr. Thillot was a class A licensed commercial vehicle operator assigned to and responsible for the semi-truck he was driving.

24.   At all times herein mentioned, Mr. Thillot was an employee, agent, apparent agent and/or servant contracted to perform services exclusively for Blackwell and/or CT Logistics Group and/or Combined Transport and under USDOT interstate motor carrier operating authority.

25.   At all times herein mentioned, Mr. Thillot was acting within the course and scope of said employment, agency, apparent agency, and/or service and was subject to Blackwell, CT Logistics Group, and Combined Transport's control or right to control, such that Blackwell, CT Logistics Group, and/or Combined Transport should be considered his actual and statutory employer.

26.   At all times herein mentioned, Mr. Farnsworth possessed a class A commercial driver's license permit, assigned to and responsible for the commercial vehicle he was operating.

27.   At all times herein mentioned, Mr. Farnsworth was an employee, agent, apparent agent and/or servant contracted to perform services exclusively for Prime and under Prime's USDOT interstate motor carrier operating authority.

Exhibit 1-7

28.     At all times herein mentioned, Mr. Farnsworth was acting within the course and scope of said employment, agency, apparent agency, and/or service and was subject to Prime's control or right to control, such that Prime should be considered his actual and statutory employer.

29.     At all times herein mentioned, Mr. Janss was an employee, agent, apparent agent and/or servant contracted to perform services exclusively for Prime and under Prime's USDOT interstate motor carrier operating authority.

30.     At all times herein mentioned, Mr. Janss was acting within the course and scope of said employment, agency, apparent agency, and/or service and was subject to Prime's control or right to control, such that Prime should be considered his actual and statutory employer.

31.     On March 6, 2019, Marco Carr, deceased, was driving a Chevrolet Venture east-bound on Interstate Route 80 in Uinta County, Wyoming, with his pregnant girlfriend, Rebecca Nowlin, deceased, and their five minor children in the vehicle, E.C., deceased, D.C., E.S., H.C., and A.C.

32.     Mr. Carr and his family were driving through Wyoming to visit Mr. Carr's brother who resided in Denver, Colorado, and with whom Mr. Carr had maintained a close relationship.

33.     At or near the same time, Mr. Farnsworth was driving a semi-truck owned by Defendant Prime east-bound on Interstate Route 80 in Uinta County, Wyoming.

34.     During such time, upon information and belief, Mr. Janss was asleep in the back of the semi-truck owned by Defendant Prime.

35.     The roadways were slippery due to an accumulation of ice on Interstate Route 80 on March 6, 2019, and upon information and belief, several automobile accidents occurred in Uinta County on that day prior to the incident.

36.     Upon information and belief, at approximately 11:15 p.m., the vehicles driven by Mr. Carr and Mr. Farnsworth and/or Mr. Janss made contact when the semi-truck failed to maintain its lane.

37.     Prime's semi-truck was able to come to a stop on the right shoulder of the highway near milepost 15.

38.     Mr. Carr's van came to a stop in the middle of the road, and upon information and belief, Mr. Carr's van was disabled.

FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit 1-8

39.     According to the police report, Mr. Farnsworth and his passenger Mr. Janss exited the semi-truck and began walking towards Mr. Carr's vehicle.

40.     Mr. Thillot was driving a semi-truck owned by Defendants Blackwell and/or CT Logistics Group and/or Combined Transport east-bound on Interstate Route 80 near mile marker 15 shortly after this accident at approximately 11:20 p.m at an unreasonable speed for the conditions.

41.     According to the police report, Mr. Thillot stated to the responding officer that he saw the lights of the semi parked in the emergency lane, but that he did not see the passenger van in the middle of the roadway until it was "too late."

42.     Mr. Thillot swerved to the left and crashed into Mr. Carr's vehicle, causing the van to spin clockwise.



///
///
///
///
///
///

Exhibit 1-9

43.     All the occupants of Mr. Carr's vehicle were ejected from the car.

44.     All occupants of the car initially survived the crash although Mr. Carr was initially believed to be dead on the scene.



45.     By the time emergency personnel arrived on the scene, Mr. Carr and all occupants of Mr. Carr's vehicle were still alive when they were transported to the hospital.

46.     Mr. Janss spoke with Wyoming Highway Patrol Officer David Homer, and told him that he saw all the occupants in Mr. Carr's vehicle as he was walking over, and that he saw Mr. Thillot's semi-truck coming down the hill and attempted to wave him off.

47.     Upon information and belief, other vehicles and drivers pulled off to the side of the road and called 911 to report the accident.

48.     Upon information and belief, Mr. Thillot was operating his vehicle at a rate of speed that was inappropriate for the conditions, failed to keep a proper lookout while operating the semi-truck, and failed to notice the vehicle in the middle of the road.

///

Exhibit 1-10

49.  Decedents Marco Carr, Rebecca Nowlin, and minor child, E.C. died at the hospital shortly after the crash. Upon information and belief, John Doe 1 was born alive at the hospital but died sometime thereafter.

50.  As a direct result of the collision, D.C. suffered serious and permanent injuries including, but not limited to:

   a.  Grade 2 liver laceration;

   b.  Traumatic compression fractures of the T1 and T2 vertebral bodies;

   c.  Chance fracture involving the T3 vertebral body;

   d.  Complete spinal cord injury at T3;

   e.  Spinal cord injury at the C5-6 level;

   f.  Left temporal bone fracture;

   g.  Right maxillary sinus fracture;

   h.  Left radius and ulnar fractures;

   i.  Left fifth metatarsal fracture;

   j.  Pulmonary contusions;

   k.  Bilateral pneumothorax;

   l.  Left posterior temporal and occipital lobe contusions;

   m. Traumatic brain injury; and

   n.  Paraplegia.

51.  As a direct result of the collision, H.C. suffered serious and permanent injuries including, but not limited to:

   a.  Facial lacerations;

   b.  Right temporal lobe contusion;

   c.  Bilateral lower lobe pulmonary contusions;

   d.  Blunt abdominal trauma; and

   e.  Traumatic brain injury.

///

///

Exhibit 1-11

52.   As a direct result of the collision, D.C. and H.C. also suffered severe emotional distress due to witnessing the injuries leading to the deaths of their parents, Rebecca Nowlin and Marco Carr and sister, E.C., and the injuries to their siblings.

## V.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

### *(Plaintiffs as against all Defendants)*

53.   Plaintiffs hereby reallege and incorporate by this reference the allegations contained in all paragraphs above as though fully set forth herein.

54.   At all times relevant to this case, Defendants Thillot, Farnsworth, Janss, and DOES 2-10, inclusive, were under a duty to use reasonable care to inspect, maintain, operate, and control the semi-trucks in a safe and proper manner, taking into account the time of day and road conditions, so as not to present a danger to members of the general public who, reasonably and expectedly, under ordinary circumstances would also be operating motor vehicles on the road, including Mr. Carr and his family.

55.   Upon information and belief, Defendants Thillot, Farnsworth, Janss, and DOES 2-10, inclusive, breached those duties in one or more of, but not limited to, the following ways:

    a.   Operating the semi-truck in a negligent and unsafe manner;

    b.   Negligently equipping, maintaining, or repairing the semi-truck;

    c.   Negligently inspecting the semi-truck;

    d.   Failing to keep a proper lookout while operating the semi-truck;

    e.   Operating the semi-truck while distracted;

    f.   Failing to maintain his lane and control of the semi-truck;

    g.   Failing to drive defensively;

    h.   Failing to yield to a disabled vehicle;

    i.   Failing to adhere to the safe driving principles expected of professional truck drivers with commercial driver's licenses;

Exhibit 1-12

j.  Failing to take reasonable safety precautions to avoid striking Mr. Carr's vehicle;

k.  Driving carelessly in violation of Wyoming Statute § 31-5-236 and other applicable statutes;

l.  Failing to take appropriate evasive action;

m. Recklessly driving the semi-truck in an unsafe condition such that it constituted a danger to the other persons and property on the road in violation of Wyoming Statute § 31-5-220 and other applicable statutes;

n.  Failing to operate the semi-truck in accordance with generally accepted safety principles and practices of the trucking industry;

o.  Operating the semi-truck without the required knowledge and skills;

p.  Driving the semi-truck while unfit;

q.  Driving while recklessly employed or retained by the trucking company;

r.  Recklessly driving in a manner approved or ratified by the trucking company; and

s.  Failing to exercise reasonable care under the circumstances.

56.     Defendants Thillot, Farnsworth, Janss, and DOES 2-10, inclusive, negligently and carelessly breached the duties they owed to the driving public who were exposed to their actions, including Mr. Carr, and violated laws that were intended to protect the driving public.

///

///

///

///

////

///

///

///

///

13

Exhibit 1-13

57.   Defendants Thillot, Farnsworth, Janss, and DOES 2-10, inclusive, knew, or in the exercise of due care should have known, that operating a semi-truck in an unreasonable manner by failing to slow down or be aware of their surroundings under dangerous conditions would create a foreseeable risk of harm to other passengers on the road, including Mr. Carr's family.



58.   As a direct and proximate cause of the negligent conduct of Defendants Thillot, Farnsworth, Janss, and DOES 2-10, inclusive, Plaintiffs have sustained serious and permanent bodily injuries resulting in permanent impairment, disability, disfigurement, mental anguish, emotional distress, inconvenience, expense of medical care, caretaking, and treatment, expense of hospitalization, and pain, and suffering and loss of the enjoyment of life in the past and to be experienced in the future.

59.   Furthermore, as described herein, the acts of Defendants Thillot, Farnsworth, Janss, and DOES 2-10, inclusive, negligently caused physical injury and death to Mr. Carr, Ms. Nowlin, E.C., as well as John Doe 1, while the other severely injured children were present at the scene and witnessed the horrific results of such negligent acts.

60.   On information and belief, any ordinary reasonable person would be unable to cope with witnessing the severe injury and death of their parents and siblings after such a devastating accident.

///

Exhibit 1-14

61.    As a direct and proximate cause of the negligent conduct of Defendants Thillot, Farnsworth, Janss, and DOES 2-10, inclusive, Plaintiffs have suffered severe emotional distress, including but not limited to, nightmares, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, shame, rage and depression.

62.    Defendants Blackwell, CT Logistics Group, and Combined Transport are vicariously liable for the actions and inactions of their agent/employee, Defendant Thillot.

63.    Defendant Prime is vicariously liable for the actions and inactions of its agents/employees, Defendant Farnsworth and Defendant Janss.

## VI.

### SECOND CAUSE OF ACTION

### WRONGFUL DEATH

*(Plaintiffs White Carr and Stafford as against all Defendants)*

64.    Plaintiffs hereby reallege and incorporate by this reference the allegations contained in all paragraphs above as though fully set forth herein.

65.    As described herein, as a legal, direct, and proximate result of the reckless, negligent and tortious actions of Defendants Thillot, Farnsworth, Janss, and DOES 2-10, inclusive, Mr. Carr, Ms. Nowlin, minor child E.C., as well as John Doe 1, the unnamed deceased newborn of Mr. Carr and Ms. Nowlin, suffered fatal injuries.

66.    By reason of their wrongful death, Mr. White Carr and Mr. Stafford are entitled, on behalf of the estates of Mr. Carr, E.C., Ms. Nowlin, and John Doe 1, and pursuant to the applicable statutes, to recover damages as shall be deemed fair and just, including, but not limited to, damages from the loss of love, affection, future companionship, society, service, care, comfort, support, right of support, expectation of future support and counseling, advice, solace and mental support, as well as other benefits and assistance of decedents Marco Carr, Rebecca Nowlin, E.C., and John Doe 1, for the benefit of the surviving family members, and all to their general damages in a sum in excess of the jurisdictional limits of this Court, which will be stated according to proof.

///

///

Exhibit 1-15

67.    As a legal, direct, and proximate result of the conduct of Defendants Thillot, Farnsworth, Janss, and DOES 2-10, inclusive, Plaintiffs have incurred property, medical, funeral and burial expenses in amount to be stated according to proof.

68.    As described herein, the acts of Defendants Thillot, Farnsworth, Janss, and DOES 2-10, inclusive, were willful, wanton, and in reckless disregard for the safety, rights, and welfare of Mr. Carr, Ms. Nowlin, E.C., as well as John Doe 1, and are sufficient to entitle each of their wrongful death estates to an award of punitive damages according to proof.

69.    Defendants Blackwell, CT Logistics Group, and Combined Transport are vicariously liable for the actions and inactions of their agent/employee, Defendant Thillot.

70.    Defendant Prime is vicariously liable for the actions and inactions of its agents/employees, Defendant Farnsworth and Defendant Janss.

## VII.

### THIRD CAUSE OF ACTION

### SURVIVAL

### *(All Plaintiff Estates as against all Defendants)*

71.    Plaintiffs hereby reallege and incorporate by this reference the allegations contained in all paragraphs above as though fully set forth herein.

72.    As described herein, the reckless, negligent and tortious actions of Defendants Thillot, Farnsworth, Janss, and DOES 2-10, inclusive, caused the deaths of Mr. Carr, Ms. Nowlin, minor child E.C., as well as John Doe 1, the unnamed deceased newborn of Mr. Carr and Ms. Nowlin.

73.    Mr. Carr, Ms. Nowlin, minor child E.C., as well as John Doe 1, incurred economic damages including medical bills and personal property damage after the accident caused by Defendants Thillot, Farnsworth, Janss, and DOES 2-10, inclusive, but before their resulting deaths and the respective Plaintiff estates should be adequately compensated for such economic damages according to proof.

74.    As described herein, the acts of Defendants Thillot, Farnsworth, Janss, and DOES 2-10, inclusive, were willful, wanton, and in reckless disregard for the safety, rights, and welfare of Mr. Carr,

Exhibit 1-16

1  Ms. Nowlin, E.C., as well as John Doe 1, and are sufficient to entitle each of their survival estates to

2  an award of punitive damages.

3       75.    Defendants Blackwell, CT Logistics Group, and Combined Transport are vicariously

4  liable for the actions and inactions of their agent/employee, Defendant Thillot.

5       76.    Defendant Prime is vicariously liable for the actions and inactions of its

6  agents/employees, Defendant Farnsworth and Defendant Janss.

7  ///

8  ///

9  ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

17

FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit 1-17

## PRAYER

Wherefore, Plaintiffs pray for judgment against the Defendants as follows:

1. For non-economic damages suffered by Plaintiffs, including, but not limited to, loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Decedents, Marco Carr, Rebecca Nowlin, E.C., and John Doe 1, in an amount in excess of the jurisdictional minimum, according to proof;

2. For economic damages suffered by Plaintiffs, according to proof.

3. For funeral and burial expenses, according to proof;

4. For hospital, medical, professional and incidental expenses suffered by Plaintiffs, according to proof;

5. For general and compensatory damages past, present and future, and for emotional and psychological pain and suffering, distress and injury in an amount according to proof and in excess of this court's jurisdiction;

6. For punitive damages in an amount sufficient to punish and make an example out of the Defendants;

7. For prejudgment and pre-trial interest on the judgment;

8. For reasonable attorneys' fees and litigation expenses where provided by statute;

9. For costs of suit incurred herein; and

10. For such other and further relief as the Court may deem just and proper.

Dated: November 12, 2020

**HAYSBERT MOULTRIE, LLP**

By: _____

NAZARETH M. HAYSBERT
JAMES L. MOULTRIE, III

*Attorneys for Plaintiffs*

18

FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit 1-18

1

## DEMAND FOR JURY TRIAL

2   Plaintiffs respectfully request that the present matter be set for a jury trial.

3

4   Dated: November 12, 2020                    **HAYSBERT MOULTRIE, LLP**

5

6                                               By: _____

7                                                   NAZARETH M. HAYSBERT
                                                    JAMES L. MOULTRIE, III

8
                                                    *Attorneys for Plaintiffs*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

Exhibit 1-19