UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-11765-SK | Date | February 2, 2021 |
|---|---|---|---|
| Title | D.C. et al v. Molombo Thillot et al | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|
| Erica Valencia | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NEW PRIME'S MOTION TO DISMISS OR STRIKE PLAINTIFFS' PUNITIVE DAMAGES CLAIMS**

In this removed personal injury action, Defendant New Prime, Inc. moves to dismiss or, in the alternative, to strike Plaintiffs' claims for punitive damages from their operative first amended complaint. (ECF 8). The motion is granted in part and denied in part.

At the outset, the Court construes New Prime's motion as a request for relief under Rule 12(b)(6), not Rule 12(f), of the Federal Rules of Civil Procedure. Rule 12(f) permits a court to strike only insufficient defenses or claims that are redundant, immaterial, impertinent, or scandalous. *See* Fed. R. Civ. P. 12(f). Since damages allegations are not one of the five categories enumerated in Rule 12(f), that rule is not the proper vehicle for New Prime's requested relief. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010); *see also Keiper v. Victor Valley Transit Auth.*, No. CV 15-00703, WL 3929641, at *5 (C.D. Cal. June 25, 2015) ("Post-*Whittlestone*, federal district courts in this circuit have refused to strike punitive damages allegations where the moving party asserts . . . the plaintiff's allegations are deficient."). The Court must therefore construe New Prime's request as a motion to dismiss Plaintiffs' punitive damages allegations for failure to state a claim on which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

So construed, New Prime's motion argues that Plaintiffs have pled insufficient facts to support either a punitive damages claim generally or one against a corporate employer specifically. (ECF 8 at 10, 12). To prevail ultimately on their claim for punitive damages under California law, Plaintiffs must prove that New Prime employees acted with "oppression, fraud, or malice." Cal. Civ. Code § 3294. That statute defines "oppression" as "despicable conduct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-11765-SK | Date | February 2, 2021 |
|---|---|---|---|
| Title | D.C. et al v. Molombo Thillot et al | | |

that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." *Id*. "Malice" means "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." *Id*. But to satisfy the federal pleading standard under Rule 12(b)(6), Plaintiffs need only "articulate enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).[1]

By these lights, Plaintiffs have alleged enough facts in their first amended complaint to plausibly suggest that New Prime's employees acted with conscious disregard for the safety of others. Plaintiffs allege that the roads were icy and that several automobile accidents had occurred in the county the day before the incident at issue here. (ECF 1-1 at 8). They allege that New Prime drivers failed to keep a lookout and recklessly drove the semi-truck in an unsafe condition endangering other people. (*Id*. at 12-13). They allege that because a New Prime employee failed to maintain his lane, a New Prime truck collided with the deceased's car. (*Id*. at 8). While the New Prime truck managed to pull to the side of the road, the deceased's car became disabled in the middle of the road where it was ultimately struck by another vehicle. (*Id*. at 8-9). These combined facts support the plausible inference that New Prime employees consciously disregarded the safety of others under California's punitive damages statute.

These alleged facts are also just enough to permit Plaintiffs' punitive damages allegations against New Prime as a corporate employer to survive under Rule 12(b)(6). Under California law, punitive damages are recoverable from a corporate employer if an officer,

---

[1] Some federal courts seem to eschew the *Twombly*/*Iqbal* standard and suggest that a short and plain prayer for punitive damages is enough to survive a motion to dismiss. *See, e.g.*, *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 273 (N.D. Cal. 2015); *Alejandro v. ST Micro Elecs. Inc*, 129 F. Supp. 3d 898, 918 (N.D. Cal. 2015). Others apply the *Twombly*/*Iqbal* pleading standard to punitive damages claims. *See, e.g.*, *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1147 (E.D. Cal. 2010); *Khan v. 7-Eleven, Inc.*, No. EDCV1400522, WL 12743691, at *2 (C.D. Cal. Sept. 15, 2015). There is no need to resolve that debate here, however, because the Court applies the more stringent pleading standard.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-11765-SK | Date | February 2, 2021 |
|---|---|---|---|
| Title | D.C. et al v. Molombo Thillot et al | | |

director, or managing agent at the corporation knew about an employee's unfitness and employed him with conscious disregard for the safety of others, authorized the wrongful conduct, or was personally guilty of the fraud, oppression, or malice.  *See* Cal. Civ. Code § 3294(b).  At the early pleading stage, however, the knowledge or intent of corporate officers may be plausibly inferred from the well-plead facts.  *See*, *e.g.*, *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 889 (N.D. Cal. 2011) (allegation that fraudulent loan could have been made only if authorized by high-level employee held sufficient); *Rees*, 308 F.R.D. at 273 (allegation that injury resulted from multiple employees' misconduct plausibly implied that injuries could have occurred only with advance knowledge of officers); *Keiper*, No. CV 15-00703, WL 3929641, at *8 (C.D. Cal. June 25, 2015) (knowledge of corporate officer may be reasonably inferred from employee's involvement in prior collisions).  Here, Plaintiffs allege that several accidents occurred in the county the day before their father's death because of icy roads.  (ECF 1-1 at 8).  It is thus not implausible that a truck driver would have conferred with a supervisor about weather conditions before driving the next day.  Plaintiffs also allege that New Prime drivers were unfit to drive and thus should have never been hired.  (ECF 12 at 9).  Taken together, these allegations are enough—if just—to state a plausible claim for relief under California Code § 3294(b) and thereby avoid dismissal under Rule 12(b)(6).

That said, Plaintiffs agree with New Prime that they cannot seek punitive damages for a wrongful death claim under *Tarasoff v. Regents of Univ. of California*, 17 Cal. 3d 425, 450 (1976).  (ECF 8 at 13; ECF 12 at 9).  They must therefore amend the first amended complaint to remove that allegation.  In so amending, Plaintiffs may wish to consider adding facts (if they exist) to support their punitive damages claim against New Prime as a corporate employer.  While those facts may be unnecessary to survive a motion to dismiss, they may prove important in the discovery stage.  *See* Fed. R. Civ. P. 26(b) (scope of discovery is limited to evidence relevant to parties' claims or defense *and* proportional to the needs of the case given a variety of enumerated factors).

For all these reasons, Defendant New Prime's motion to strike or dismiss Plaintiffs' punitive damages allegations (ECF 8) is GRANTED IN PART and DENIED IN PART as set forth above.  Plaintiffs are GRANTED LEAVE TO AMEND the operative complaint consistent with this order.

**IT IS SO ORDERED.**